H. R. WERNER *et al.* v. CHARLES R. HOPKINS *et al.*

(No. 8377)

Submitted September 8, 1936. Decided September 29, 1936.

*E. L. Maxwell,* for appellants.

*D. E. Cuppett, J. V. Gibson* and *William McCoy,* for appellees.

KENNA, JUDGE:

This suit was brought in the Circuit Court of Pendleton County by H. R. Werner and G. M. Benson against Charles R. Hopkins, Mack Hopkins, Kenneth E. Reighard, W. H. Ramsey and S. L. Sturgeon, non-residents of West Virginia, and Frank Proudfoot, a resident of Randolph County. The purpose of the suit was to establish a trust in favor of each plaintiff of a one-third undivided interest in certain lands lying in Pendleton County, a part of which had been purchased and a part leased by Charles R. Hopkins in his own name. The bill of complaint alleges that the lands were purchased and leased pursuant to an agreement between the plaintiffs and Charles R. Hopkins that control of a valuable deposit of carbonate of lime should be acquired by the plaintiffs, H. R. Werner and G. M. Benson and the defendant, Charles R. Hopkins, for their joint profit and benefit; that pursuant to this agreement, Charles R. Hopkins proceeded to acquire, by purchase and by lease, the control of the mineral deposit in question; that thereafter, and in violation of his agreement and understanding with the plaintiffs, the defendant Hopkins proceeded to form a joint adventure with Mack Hopkins, Kenneth

Reighard, Frank Proudfoot, W. H. Ramsey and S. L. Sturgeon, his co-defendants, to the exclusion of the rights of the plaintiffs and in violation of his agreement and understanding with them.

The bill of complaint prays that the plaintiffs may have an accounting with Charles R. Hopkins and that a decree may be entered adjudicating that he holds the leasehold and title to the lands containing the mineral deposit in question in trust to the extent of one-third interest therein for each of the plaintiffs.

The defendants filed their joint answer to the bill of complaint which constitutes a denial of the material averments upon which the plaintiffs seek relief, and gives the version of Charles R. Hopkins as to what took place between him and the plaintiffs concerning the acquiring of the control of the mineral deposit in question. Later, there was an amended answer to which plaintiffs filed their replication.

Proof was taken, and, upon the final hearing, a decree was entered finding in favor of the plaintiffs and referring the cause to a commissioner in chancery to take and state an account between Charles R. Hopkins and the plaintiffs. This decree was entered in the vacation of the court by agreement of the parties. From this decree the defendants appeal.

The assignments of error, of which there are ten, are based upon three main propositions: (1) that the trial chancellor erred in decreeing in favor of the plaintiffs on the merits of the case; (2) that it was error in the final decree to file the amended and supplemental bill of complaint in the vacation of the court, and, without process thereon, to take the amended and supplemental bill as for confessed; and (3) that it was error for the trial court to hold that the plaintiffs' claims were not defeated by either the abandonment thereof or by estoppel.

On the first of the points enumerated, we think it would avail little to recount the details of the evidence, since it is in irreconcilable conflict from beginning to end, the plaintiffs testifying to one version of the transaction and the defendants to a version differing vitally from theirs.

The record has been carefully examined with a view to ascertaining whether the facts sought to be established in the testimony of the plaintiffs would constitute ground for equitable relief as against the defendants, and on this basis, we are of the opinion that the trial chancellor's decree is amply sustained. Evidently, the conflicting testimony of the defendants was regarded as not constituting sufficient rebuttal to the case made by the plaintiffs' proof. And in this, we cannot say that the trial chancellor was clearly wrong.

On the second question, namely, whether there has been anything in the nature of an abandonment or an estoppel that would defeat recovery of the plaintiffs or of either of them, we are obliged to say that here, again, the record contains nothing which, in our opinion, justifies a reversal of the trial chancellor's decree. The understanding between the plaintiffs and the defendants had its inception at the home of G. M. Benson in Preston County in May, 1934, upon the occasion of a visit by H. R. Werner, his co-plaintiff, and Charles R. Hopkins, the principal defendant. This suit was brought on the 15th day of February, 1935, and in the meantime, all of the circumstances shown, including the alleged repudiation by Hopkins of his agreement and the formation of the substituted joint adventure, had taken place. In the meantime, and perhaps quite naturally, certain misunderstandings had developed between Hopkins on the one hand and Werner and Benson on the other hand, and Hopkins, apparently, had offered to each of them some form of recognition in his substituted enterprise. Both Werner and Benson paid money to Hopkins with knowledge that he was dealing with others as well as with them, and it may be said that their conduct in doing so was not consistent with the belief that each of them, along with Hopkins, was to receive an undivided third interest in the property acquired by the original joint undertaking. To meet this contention, however, the plaintiffs explained that they thought they were purchasing stock in an operating company with the interests

in the mineral to be held as had been originally planned. At any rate, this record, we think, discloses that whatever may have occurred could have effected no change of status as to the rights of either Werner or Benson because of the fact that it plainly appears that what they did was done without the full and exact information that they were entitled to receive from Hopkins. Furthermore, in our opinion, there is nothing in the record which would show that any person had changed his position to his prejudice in a way that would create an estoppel in the light of the court's decree that a full accounting be had in the premises, or that would constitute circumstances upon which an abandonment in so brief a space of time could be predicated.

The third and last question involved relates to the filing of the amended and supplemental bill of complaint. This bill of complaint varies in no material respect from the original bill of complaint excepting that it does contain an explicit offer from plaintiffs to do equity by paying into court whatever sums the court may adjudicate they should pay in order to be fully entitled to their respective one-third undivided interest in the land purchased and in the land leased. It is true that this amended and supplemental bill was filed by a vacation order, and that no process was taken on it. Code, 56-4-25, permits the filing of amended and supplemental bills in the vacation of the court, but requires that upon that happening, the clerk shall issue a summons against the defendant requiring him to answer or plead. The appellants, defendants below, insist that because this bill of complaint was filed in the vacation of the court and was taken for confessed without process, reversible error was committed. The parties to the suit had agreed that a final decree might be entered in the vacation of the court, and the learned trial chancellor doubtless took this as placing the final decree in all respects on the same basis as a decree entered in term time when an amended and supplemental bill could, in a proper case, have been filed without process. However, we would hesitate to justify the course taken upon this ground, because an agree-

ment to submit made in one state of the pleadings could hardly be said to contemplate a material change in the pleadings upon submission. In any event, the amended and supplemental bill of complaint could not be taken for confessed unless the defendants, upon the issuance of process thereon, or by some failure to comply with the direction of the court to answer, had been remiss. If the allegations of the amended and supplemental bill of complaint did not require an answer, then there is no occasion for taking it for confessed. We, therefore, are of the opinion that the course pursued by the trial court in this connection was error. But was it prejudicial error?

It has already been pointed out that the only change made by the filing of the amended and supplemental bill was to embody an offer on the part of the plaintiffs to do equity. We are of the opinion that this made no fundamental or material change in the case. In a suit of this kind, as in suits for the cancellation or rescission of instruments, it is frequently indispensable that the plaintiffs, in order to entitle themselves to equitable relief, must, under the well known maxim, themselves do equity. Undoubtedly, the orderly, and hence preferable, way to cover the matter is by making the offer formally in the bill of complaint. But under our cases, this is not indispensable, and its omission from the bill of complaint is not error, so long as it is provided for in the final decree. *Lohr* v. *George,* 65 W. Va. 241, 248, 64 S. E. 609; *Sperry* v. *Sperry,* 80 W. Va. 142, Pt. 3, Syllabus, and page 155, 92 S. E. 574. This appears to be the rule in the United States Supreme Court, *Chapman* v. *County of Douglas,* 107 U. S. 348, 359, *et seq.,* 2 S. Ct. 65, 27 L. Ed. 378; *United States* v. *Beebe,* 180 U. S. 343, 354, 21 S. Ct. 371, 45 L. Ed. 563, as well as in other jurisdictions. *Hay* v. *Hay,* (N. Y.) 13 Hun. 315. Since the decree could have been based upon the original bill, it follows that the erroneous filing of the amended bill involved no prejudice to the defendants' rights.

For the reasons given, the decree of the Circuit Court of Pendleton County is affirmed.

*Affirmed.*