**CAMPBELL v. CAMPBELL.**

No. 9622.

United States Court of Appeals
District of Columbia.

Argued Feb. 3, 1948.

Decided May 18, 1948.

Mr. Clarence G. Pechacek, with whom Mr. Joseph A. Rafferty, who entered an appearance, was on the brief, for appellant.

Mr. John T. Bonner, for appellee.

Before STEPHENS, CLARK and WILBUR K. MILLER, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal by the plaintiff from that part of a divorce decree entered against him upon issues involving the division of property as between him and the defendant. In respect of dissolution of the marriage the decree was in the plaintiff's favor. But it is asserted that upon the property issues the trial court erroneously disregarded substantial and uncontroverted evidence, failed to make findings of fact, and by an abuse of discretion made an inequitable division of property. The complaint alleged adultery by the defendant. This allegation the defendant denied. On this issue the trial court (in the course of a judgment informally embodying such findings as it made) expressly found for the plaintiff. The complaint alleged also that two tracts of improved real estate in the District of Columbia were owned by the plaintiff and defendant as tenants by the entireties. The defendant made no answer to this allegation, thereby admitting it (Rule 8(d), Federal Rules of Civil Procedure, 28 U.S.C.A.). The complaint alleged also that:

. . . the following personal property owned jointly by the parties is in the possession, control and custody of the defendant; 50 shares Republic Steel; 22 (twenty-two) $25.00 War Savings Bonds; 1 (one) $50.00 War Savings Bond; said stocks and bonds were purchased by the plaintiff with his personal funds; that the following personal property owned by the plaintiff, purchased and paid for by the plaintiff, and issued in his name is in the possession of the defendant; 150 (one hundred fifty) shares General Realty and Utility Corporation and 50 (fifty) shares American Hide and Leather stock; that the following personal property is in the name of the defendant and in her possession, control and custody; 20 (twenty) shares Standard Oil of Kentucky; 5 (five) shares United States Steel; 5 (five) shares Radio Corporation; 5 (five) shares of Philip Morris and 5 (five) shares of Montgomery Ward; *plaintiff alleges that he repaid the sum of $1500.00 on the last named stocks and securities which said loan had been placed thereon by the defendant before the marriage of the parties; that plaintiff further alleges that he repaid the sum of $1300.00 on pledges of personal property of the defendant to secure loans and other obligations, all of which were personal obligations of the defendant.* [Italics supplied]

To this the defendant answered that:

. . . prior to the marriage, plaintiff had purchased fifty shares of Republic Steel Stock. He had, however, made a loan using said stock as collateral and following the marriage *the defendant paid for this debt* and thereafter the

stock was held jointly by both parties. The various War Bonds mentioned were purchased with joint funds by plaintiff and defendant. The Standard Oil, United States Steel, Radio Corporation, Philip Morris and Montgomery Ward stocks were purchased by defendant prior to her marriage and *at no time has plaintiff made any payments on said stock or repaid any loans made to defendant.* [Italics supplied]

There being no counterclaim denominated as such the plaintiff was not required to reply to the defendant's allegation that she paid a debt of his (Rule 7(a), Federal Rules of Civil Procedure), and the allegation is therefore to be taken as denied (Rule 8(d) ). On the issues made by the language italicized above and by the rules referred to there was evidence but no findings of fact.

The complaint alleged further that:

. . . plaintiff has paid large sums of money on the trusts secured by the aforementioned real estate and has greatly added to its value by personal effort and work in remodeling, altering, painting, making additions thereto and repairing said premises; the plaintiff is a highly skilled carpenter by trade.

These allegations the defendant denied. There was evidence on the issues thus raised but again no findings by the trial court.

The court nevertheless found as follows in respect of the properties of the parties:

. . . at the time of the marriage, defendant was the owner in fee simple of premises 1607 31st Street, Northwest and 1535 34th Street, Northwest, in the District of Columbia; 10 shares of Philip Morris stock, 20 shares of Standard Oil stock, 20 shares of Packard Motor stock, 5 shares of Montgomery Ward stock, 5 shares of U. S. Steel stock. At the time of the marriage, the plaintiff, Alexander Campbell was the owner of 50 shares of Republic Steel stock, 10 shares of City Service stock, 150 shares of General Realty stock, 50 shares of American Hide and Leather stock. During the period of marriage, plaintiff, Alexander Campbell acquired in his own name, one $25.00 U. S. War Bond and the defendant acquired in her own name two $25.00 U. S. War Bonds. During the period of the marriage, the parties acquired in their joint names, one $50.00 U. S. Savings Bond and eighteen $25.00 U. S. Savings Bonds.

The court then made an award in the following terms:

. . . the defendant, Kathleen Campbell, be and she hereby is awarded title to premises 1607 31st Street, Northwest and 1535 34th Street, Northwest, in the District of Columbia.
It is Further Ordered That the plaintiff shall forthwith sign, acknowledge and deliver to defendant the deeds conveying the property to defendant.

The defendant, Kathleen Campbell, is also awarded title to the stocks and bonds mentioned above which were owned by her at the time of marriage or acquired by her in her own name during the period of marriage. She is also awarded title to one-half of the 19 bonds acquired in the name of . . . [herself] and the plaintiff during the period of marriage. Plaintiff, Alexander Campbell, is awarded clear title to the stocks and bonds owned by him at the time of marriage and one-half of the 19 bonds acquired in the name of . . . [himself] and the defendant during the period of marriage. . . .

The local statute (D.C.Code 1940 § 16—409) provides:

Upon the entry of a final decree of . . . divorce a vinculo . . . all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable.

Obviously an equitable award of the properties as between the plaintiff and the defendant could not properly be made without a determination of the issues upon which, as above pointed out, findings of fact are lacking. Rule 52(a), Federal Rules of Civil Procedure, provides that "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment . . .." In Saginaw Broadcasting Co. v. Federal Communications Commissions, 1938, 68 App.D.C. 282, 96 F.2d 554, we pointed out that the requirement that both commissions, acting in quasi-judicial capacity, and courts shall make findings of fact is far from a technicality. We said that:

. . . When a decision is accompanied by findings of fact, the reviewing court can decide whether the decision reached by the court or commission follows as a matter of law from the facts stated as its basis, and also whether the facts so stated have any substantial support in the evidence. In the absence of findings of fact the reviewing tribunal can determine neither of these things. . . . [68 App.D.C. at page 287, 96 F.2d at page 559]

It was accordingly the duty of the trial court in the instant case to make findings of fact on the issues described above. It is not our duty to make findings, and we could not soundly do so—not having heard the witnesses.

That part of the decree appealed from is set aside and the case is remanded to the trial court for further findings in accordance with this opinion and for such further decree as may be regarded proper by the court in view of such further findings.