**McCLURE et al. v. O. HENRY TENT & AWNING CO., Inc.**

No. 10113.

United States Court of Appeals, Seventh Circuit.

Oct. 12, 1950.

Morris A. Haft, Chicago, Ill., for appellant.

Jack I. Levy and Ben Liss, Chicago, Ill. (Sonnenschein, Berkson, Lautmann, Levinson & Morse, of Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from a judgment for plaintiffs in a suit for damages for the alleged breach of two contracts for the sale of cotton materials. Defendant denied liability as to both contracts, with the exception of one item of the second. It asserted that the first contract had been abandoned by mutual consent after partial performance, and that the second provided for only 100,-000 yards instead of the 200,000 charged in the complaint. Further error is asserted as to the measure of damages allowed for the first.

The first contract was for the sale of 150,000 yards of army duck to be delivered in four lots between December 31, 1945, and March 15, 1946. Although this contract contemplated delivery of material of a cer-

tain width and weight, it provided for the substitution of others, and the court found that there was actually delivered under the contract 104,158¼ yards, and that the dates specified in the contract for such deliveries were extended from time to time for indefinite periods by mutual agreement of the parties. The court further found that defendant failed to deliver the balance of 45,-841¾ yards under the agreement; that the agreement was not cancelled or abandoned by plaintiffs; and that the market price of the duck contemplated by the agreement was 45.86 cents a yard on August 22, 1946. It accordingly concluded that plaintiffs were entitled to $4,290.78, the difference between the contract price of the goods and the market price on the date of the filing of the suit.

■■■■ Defendant first contends that the finding of the court that the first contract was not cancelled or abandoned by the parties is against the manifest weight of the evidence and contrary to law. However, it is not the function of this court to weigh evidence. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that findings of fact are not to be set aside unless clearly erroneous, due regard being given to the opportunity of the trial court to judge of the credibility of the witnesses. The evidence with respect to this issue was in conflict. In view of this conflict in the evidence, we cannot say that the finding based thereon was clearly erroneous.

A more difficult question is presented as to the matter of the measuring of damages. The contract itself specified that 25,000 yards should be delivered between December 13 and December 31, 1945, 25,000 before January 15, 1946, 50,000 by February 15, and 50,000 by March 15, 1946. The record shows that deliveries were actually made as follows:

| | |
|---|---|
| 9,526 yards | December 28, 1945 |
| 31,294¾ | February 1 to March 28, 1946 |
| 3,054 | April 2 |
| 10,057 | April 11 |
| 10,027 | May 1 |
| 10,000 | May 11 |
| 9,982 | May 21 |
| 20,217½ | May 21 |

The court found that all the extensions were by mutual agreement of the parties. Plaintiff McClure, Jr., testified that he repeatedly called an officer of defendant to ask for further shipments under the contract, for a period of three or four months after the middle of January—which would indicate that his last request for performance was no later than sometime in May. However, defendant's officer admitted that McClure, Jr., made a further request some time after the last delivery. On August 14, 1946, plaintiffs' attorney wrote stating that unless satisfactory arrangements were made before August 22, for the disposition of plaintiffs' claims arising out of defendant's failure to fulfill the agreements (referring to both contracts in suit), they would institute suit. There was evidence that the market price of the type and quality of duck involved in the contract was 37.29 cents a yard from March 8 to August 5, 1946, and 45.86 cents from then until after the date of the filing of the suit.

Section 67(3) of the Sales Act, c. 121½, Ill.R.S. § 67(3) provides: "Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver." Here, the times for delivery had been definitely fixed by the contract, but those times had been indefinitely extended by agreement of the parties as found by the court and supported by substantial evidence.

■■■■ We find no authority for a ruling that where there have been indefinite extensions of time for deliveries under a contract, the damages for the ultimate breach thereof are to be measured as of the date of filing suit for such breach. Nor do the facts here sustain defendant's contention that the breach of the contract, if any, occurred in April when its officer told plaintiffs that it was unable to fulfill the contract because it was impossible to obtain the goods. The contract itself provided for

substitution of other goods for the specific goods contemplated, and defendant continued to make delivery of substituted goods to plaintiffs which were acceptable to and accepted by them up to May 21, 1946, when the last two deliveries were made.

The rule appears to be that where time for delivery is extended by mutual consent, damages are to be calculated as of the time when the extension expires, or, when the extension is indefinite, at the time of demand and refusal, provided reasonable notice is given of termination prior to such demand. Williston on Sales (Rev.Ed.) §§ 599, 451. In Summers v. Hibbard, Spencer, Bartlett & Co., 153 Ill. 102, 38 N.E. 899, 901, 46 Am.St.Rep. 872, the court held, to the same effect, "If delivery is postponed by agreement between the parties, the measure of damages is the difference between the contract price and the market price at the time the article is deliverable by the subsequent agreement; and where the time of delivery is postponed indefinitely, the measure of damages is the difference between the contract price and the market value at a reasonable time after demanding performance."

Having found that the delivery dates were indefinitely extended, the court should have proceeded to find as a fact whether such indefinite extension had been duly terminated, and, if so, when. Rule 52 (a) requires that in all cases tried without a jury, the court shall find the facts specially. Of course a court of appeals need not reverse a judgment because of failure to comply literally with this rule if the findings are sufficiently comprehensive and pertinent to the issues to provide a basis for the decision. However, where, as here, because of an error in law the court failed to make any finding as to a fact vital to the decision of the cause, the evidence as to which is in dispute, we must remand the cause for the purpose of enabling the trial court to make the necessary finding. Campbell v. Campbell, 83 U.S.App.D.C. 237, 170 F.2d 809; Indemnity Ins. Co. v. Midwest Transfer Co., 7 Cir., 184 F.2d 633.

The second contract, according to the complaint, provided for the delivery of 200,000 yards of olive drab fireproof twill; according to the defense, 100,000. The court found that the agreement covered the larger amount; that plaintiffs paid in advance for the delivery of 100,000 yards, only 57,388 of which were shipped by defendant, and that it failed to deliver the balance of 142,612 under the agreement; that defendant repaid that portion of the advance payment for which no goods were shipped, and that it admitted liability for the additional amount paid by plaintiffs for the balance of 42,612 yards. The court accordingly rendered judgment in the amount of $2,852.24, the difference between the contract price of the goods and the price paid by plaintiffs for the purchase of 142,612 yards not delivered by defendant, plus $1,400.32 freight charges to the point of delivery under the contract. There is ample evidence of record to support the findings upon which this portion of the judgment was based, and it must, therefore, be affirmed.

Affirmed as to the second contract, reversed as to the first contract and remanded for further proceedings as to the question of damages only. No costs to either party against the other.