**STATLER MANUFACTURING COM-
PANY, Appellant,**

v.

**GEORGE C. KNIGHT COMPANY,**
Appellee.

**No. 12448.**

United States Court of Appeals
Sixth Circuit.

Dec. 29, 1955.

James R. McKnight, Chicago, Ill. (Howard R. Koven, Chicago, Ill., on the brief), for appellant.

Alfred E. Wilson, Detroit, Mich. (Stanton, Sempliner, Dewey & Knight, Detroit, Mich., on the brief), for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Statler Manufacturing Company, alleges in its amended complaint that in 1947 it introduced on the market a toy steering wheel, which, by its distinctive and unique appearance and construction, together with extensive advertising, came to be well and favorably known to the purchasing public; that it is the owner of the trademark Junior for steering wheels registered in the United States Patent Office under No. 508,485 and issued to appellant on April 12, 1949; that the appellee, George C. Knight Company, manufactured a copy of appellant's toy steering wheel which simulated its non-essential details of construction and distinctive and unique appearance, and has advertised and sold its products to purchasers who are deceived and misled into believing that appellee's products are manufactured by the appellant; that the toy steering wheels manufactured and sold by appellee are so similar to appellant's toy steering wheels in appearance the purchasing public can not distinguish one from the other, and appellee is enabled to and does sell its products for those of the appellant in unfair competition with appellant; and that the appellee has infringed and is infringing appellant's registered trademark Junior by using said trade-mark in connection with its advertising and sale of its product. The appellant sought an injunction and an accounting.

Appellee by its answer denied that appellant's steering wheel has a distinctive and unique appearance; that it made a copy of appellant's product; and the other allegations pertaining to sim-

ilarity in appearance and any deception practiced upon the purchasing public. It also denied the alleged infringement of appellant's trade-mark Junior.

Following a trial, the District Court made what is designated as its Findings of Fact and Conclusions of Law. The findings of fact merely state—"There is no substantial evidence in this record to sustain a finding that the defendant is guilty of either trade-mark infringement or unfair competition." This is followed by its conclusions of law stated as follows: "The plaintiff having failed to establish by a preponderance of the evidence that defendant has committed any acts of infringement or unfair competition, it follows that the complaint must be dismissed with costs to be taxed in favor of the defendant." A judgment was entered dismissing the complaint, from which this appeal was taken.

■ With respect to the failure of the District Judge to make comprehensive findings of fact as are contemplated by Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., we repeat what we said in Huszar v. Cincinnati Chemical Works, 6 Cir., 172 F.2d 6, 8, where we expressed disapproval of findings which do no more than state ultimate factual conclusions, which usually do not afford to the parties and to the reviewing court a satisfactory review of the issues involved. However, in the absence of complaint by appellant and in order to avoid delay in adjudication, we will follow the procedure used in that case and dispose of the appeal without remanding the case for more specific findings. See also Girard Trust Co. v. Amsterdam, 5 Cir., 128 F.2d 376, 377; McClure v. O. Henry Tent & Awning Co., 7 Cir., 184 F.2d 636, 639.

The evidence shows that appellant's Junior steering wheel consists of a length of garden hose having at one end a large suction cup adapted to be secured to a flat surface on an automobile instrument panel, and having a small steering wheel at the other end. When so attached to the instrument panel with the hose extending backward towards the seat, a small child can sit on the driver's seat of the automobile beside the driver, grasp the toy steering wheel in his hands and simulate the actual driving of the car. Appellee's device, advertised as "Kiddee Drivette," consists of a small metal seat with two metal straps extending upward at the rear right and left sides thereof which end in hooks to hook over the back of the automobile seat. A metal gooseneck extends forwardly and upwardly from the front of the seat and has attached at its upper end a small steering wheel. A safety belt is also provided to hold a child in place in the seat with his feet on the seat of the automobile. A child using the Kiddee Drivette is thus positioned well up in the automobile where he can see out of the windshield and the side windows of the car and by grasping the toy steering wheel can simulate the actions of the driver.

It will be seen from the foregoing general description that appellee's Kiddee Drivette comprises much more than the toy steering wheel. It has a metal seat with attached metal hooks which are not present in appellant's Junior steering wheel. The evidence showed that appellant's product retailed for approximately $3.00 while appellee's product sold for between two and three times that much. The cartons in which the respective products were packaged and sold were materially different in size and shape and in the color and character of the outside markings.

■■ In Grocers Baking Co. v. Sigler, 132 F.2d 498, 501, this Court wrote as follows: "To constitute unfair competition it is not necessary that there be a purpose to pass off one's product as that of another, it being sufficient that because of insignia or similarity of product purchasers believe it to be the product of another, or that the insignia or symbol has a tendency to, and probably will, deceive some part of the public." See also: James Heddon's Sons v. Millsite Steel & Wire Works, 6 Cir., 128 F.2d 6; West Point Manufacturing

Co. v. Detroit Stamping Co., 6 Cir., 222 F.2d 581. Although there was similarity in the dimensions and general construction of the toy wheels used in the respective products, it must be kept in mind that a wheel is one of the oldest and best known devices of man, the general construction and appearance of which is not unique or distinctive. The District Court necessarily found that the evidence did not show the necessary similarity between appellee's product and that of appellant, or that the style and general appearance of appellee's product had a tendency to and would probably deceive some part of the purchasing public. In our opinion, such finding is supported by the evidence, is not clearly erroneous and must be accepted by us on this review. Rule 52 (a), Rules of Civil Procedure. John T. Lloyd Laboratories, Inc., v. Lloyd Bros. Pharmacists, 6 Cir., 131 F.2d 703, 706; Magazine Publishers v. Ziff-Davis Pub. Co., 2 Cir., 147 F.2d 182, 185.

 With respect to the alleged infringement of appellant's trade-mark "Junior," it was necessary for appellant to show that appellee used a reproduction, copy or colorable imitation of the registered mark in a way "likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods." Section 1114(1), Title 15, U.S.C.A.; McCormick & Co. v. B. Manischewitz Co., 6 Cir., 206 F.2d 744; cf: Dwinell-Wright Co. v. National Fruit Product Co., 1 Cir., 140 F.2d 618. Appellee did not use appellant's trade-mark Junior on its product or its container. Nor was the word Junior used by itself in the advertising of the Kiddee Drivette. In some of the advertising by appellee's distributors the word "Junior" was used in conjunction with other words, as for example "For Junior Drivers," "Junior Drivette," "Junior 'drives' along with dad in this sturdy safety seat 'Kiddee Drivette,'" "Kiddee Drivette baby seat lets Junior drive too" and "The metal seat is mounted on adjustable legs. Junior is held firmly by a heavy safety belt." Appellee contends that this was for the purpose of indicating that it was a toy for children rather than a product for use by adults. In our opinion, such use of a descriptive term did not constitute an infringement of appellant's registered trade-mark "Junior." Dixi-Cola Laboratories v. Coca-Cola Co., 4 Cir., 117 F.2d 352, certiorari denied 314 U.S. 629, 62 S.Ct. 60, 86 L.Ed. 505; Mathews Conveyor Co. v. Palmer-Bee Co., 6 Cir., 135 F.2d 73, 83. In any event, the evidence shows that such advertising was not done by the appellee and that the appellee did not see or approve the advertising copy before it was used. It fails to show that the appellee suggested or cooperated with its distributors in the use of such advertising. We agree with the ruling of the District Judge that there is no substantial evidence to sustain a finding of trade-mark infringement.

The judgment is affirmed.