ESTEL BLEVINS

*v.*

ALVIS MAY

(No. 13481)

Decided March 4, 1975.

*George B. Fleshman* for appellant.

BERRY, JUSTICE:

This is an appeal by Estel Blevins, the plaintiff below, hereinafter referred to as the appellant, from a final judgment of the Circuit Court of Wayne County entered September 20, 1973 wherein the Court overruled the appellant's motion for a new trial. This Court granted an appeal on June 3, 1974 and the case was submitted for decision on February 4, 1975 upon the record and brief filed on behalf of the appellant. No appearance was made on behalf of Alvis May, the defendant below and hereinafter referred to as the appellee.

The record in this case is meager, and it is difficult to determine what disposition should be made of this appeal. The complaint sounded in contract for labor performed and materials furnished by the appellant to the appellee. The answer filed by the appellee admitted there was a contract between the parties but that the money sued for had been paid by the appellee. The appellee also filed a counterclaim against the appellant alleging that the appellant had not performed the contract properly.

A jury was impaneled and sworn and the case proceeded for trial. The appellant testified briefly and referred to a contract signed by a third party but not the appellee. Apparently, the appellant was not allowed to explain his testimony and a mistrial was declared by the trial judge and the jury discharged. An order was entered on August 4, 1973 dismissing the case because there was no contract between the appellant and the

appellee and there was no privity between the appellant and the appellee. An order was entered by the trial court on August 29, 1973 reciting that there was no written contract between the parties and again dismissed the action as well as the counterclaim. Another order was entered on September 20, 1973 sustaining a motion made by the appellant's counsel to enter the order prepared by appellant's counsel but overruled a motion for a new trial made by appellant's counsel based on after-discovered evidence.

The appellant contends on this appeal that the trial court erred in finding that there was no written contract between the appellant and the appellee and that there was no privity between the parties.

Apparently, the trial court held a hearing without a jury after the mistrial was declared and the jury discharged but the record contains no transcript of any evidence taken before the court at such hearing. The orders, which are confusing, indicate there was no written contract between the parties. If the appellant furnished labor and materials on a house owned by the appellee, as indicated in the complaint and apparently admitted in the answer, such contract would not have to be in writing.

There was no finding of facts and no conclusions of law made by the trial court in this case, which is required under Rule 52(a), R.C.P., when an action is tried upon the facts without a jury. The purpose of this Rule is to enable an appellate court to apply the law to the facts upon the review of such a case, and it has been held that a case may be remanded where the rule has not been complied with. *Commonwealth Tire Co. v. Tri-State Tire Co.*, W. Va., 193 S.E.2d 544 (1972); *Campbell v. Campbell*, 83 U.S. App. D.C. 237, 170 F.2d 809 (1948).

Where the record does not clearly reveal what actually transpired in the proceedings below and it is impossible for an appellate court to determine what judgment should be finally rendered, the case should be remanded

to the trial court for further development. *Painter Motors, Inc. v. Higgins,* W. Va., 185 S.E.2d 502 (1971); *South Side Lumber Co. v. Stone Construction Co.,* 151 W. Va. 439, 152 S.E.2d 721 (1967). This is clearly stated in point 2 of the syllabus of the *South Side Lumber Co., supra,* case wherein it is stated: "When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development."

Inasmuch as it is not clear from the record upon what factual basis the court below applied the law for the dismissal of this action, making it impossible for this Court to determine the proper judgment that should be finally rendered, the judgment of the Circuit Court of Wayne County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

SPROUSE, JUSTICE, *dissenting:*

I respectfully dissent from the decision expressed in the majority opinion because I feel the record adequately shows, by appellant's testimony, that appellee was not a party to the contract upon which the action was based. I would affirm the decision of the trial court.