PAUL FRANKLIN SHANNON

*v.*

DORA ELLEN JARRETT SHANNON

(No. 15071)

Decided September 29, 1981.

*Robert Weinberger* for appellant.

*J. H. Crewdson* for appellee.

PER CURIAM:

The appellant, Dora Ellen Jarrett Shannon, appeals a final order of the Circuit Court of Kanawha County entered on August 20, 1980. For the reasons set forth below, the order is reversed and the case is remanded for further development of the facts.

Mr. Shannon filed for divorce from his wife who did not answer or appear, and on April 1, 1977, the couple was divorced by order of the Circuit Court of Kanawha County. The court, in keeping with the divorce commissioner's recommendation, ordered Mr. Shannon to pay $450.00 per month child support payments for the couple's three infant children.

It is undisputed that Mr. Shannon did not make the monthly payments as required by the circuit court and on June 27, 1978, Mrs. Shannon instituted contempt proceedings against him for failure to comply with the order. The court issued a rule in contempt at which time Mr. Shannon was alleged to be in arrears in the payment of the child support in the sum of $6,750.00.

A hearing on the alleged contempt was subsequently held on November 28, 1978. Although it appears from the briefs of the parties that some evidence was taken at the hearing, no record of the proceeding was made. However, we glean from the representations of the parties that Mrs. Shannon and the couple's infant children had been residing with Mr. Shannon's mother since the divorce and that Mr. Shannon contended in the court below that he had contributed to the children's support while they and his former wife were living with his mother. No order was entered by the court following this hearing.

A second hearing on the merits of the contempt proceeding was scheduled for June 30, 1980. Although that hearing did not take place, counsel for both parties met informally with the circuit judge and an agreement was reached whereby Mr. Shannon would commence making monthly child support payments of $450.00 to be paid jointly to the appellant and Mr. Shannon's mother. Because the parties were not able to resolve the issue of arrearages, their attorneys again met with the circuit judge on August 1, 1980. Following this meeting, the court ordered that Mr. Shannon begin making the $450.00 monthly child support payments and held that Mrs. Shannon by virtue of the fact that she had taken up residence with her former husband's mother was estopped from collecting any child support arrearages. It is from this final order that Mrs. Shannon now appeals.

The only question for our determination is whether the circuit court was correct in applying the doctrine of estoppel. It is well settled in this State that " '[a]n estoppel cannot be based upon an uncertain state of facts.' Point 2 Syllabus, *Werner v. Hopkins*, 117 W.Va. 727, 188 S.E. 128." Syl. pt. 5, *Wallace v. St. Clair*, 147 W.Va. 377, 127 S.E.2d 742 (1962).

Although we know from the sparse record before us that Mrs. Shannon and the three infant children were living with Mr. Shannon's mother after entry of the final divorce decree in 1977, we know none of the circumstances surrounding the situation. And although Mr. Shannon made some contribution to the children's support, we likewise do not know the amount of the contributions or when and how often they were made.

We have held that " '[w]hen the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development.' Point 2, syllabus, *South Side Lumber Co. v. Stone Construction Co.*, 151 W.Va. 439, 152 S.E.2d 721." Syllabus, *Blevins v. May*, 158 W.Va. 531, 212 S.E.2d 85 (1975).

Inasmuch as it is not clear from the record upon what factual basis the circuit court concluded that the defendant was estopped from collecting child support arrearages, this court will not determine whether the defense of estoppel was properly applied.

Therefore, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded to the court with directions to develop the facts on record, or in the alternative, to request that the parties stipulate to certain facts so that when this case is again before us, we can make a determination of whether the doctrine of estoppel is applicable.

*Reversed and remanded.*