613 S.E.2d 604

**In the Matter of:  Magistrate William Tom TOLER, Magistrate for Wayne County.**

**No. 31797.**

Supreme Court of Appeals of West Virginia.

Submitted April 26, 2005.

Decided June 1, 2005.

Donald R. Jarrell, Esq., Wayne, for the Petitioner.

Charles R. Garten, Esq., Judicial Investigation Commission Charleston, for the Respondent.

PER CURIAM.

This case is before this Court upon the March 4, 2005, Motion to Reinstate with Back pay of Magistrate William Tom Toler, Magistrate for Wayne County. Magistrate Toler was previously suspended without pay from his position as Magistrate by this Court, following his criminal indictment on several counts, pursuant to Rule 2.14(d)(1) of the West Virginia Rules of Judicial Disciplinary Procedure.[1] Magistrate Toler has since been acquitted of all criminal charges and now seeks to be reinstated with back pay to his position as Magistrate, a position to which he was re-elected in November of 2004. The Judicial Investigation Commission objects to the Motion because it has undertaken, but not yet completed, its own investigation of Magistrate Toler's fitness to sit as Magistrate.

This Court has before it the Motion to Reinstate with Back pay, the Reply of the Judicial Investigation Commission, the briefs of the parties and all matters of record. Following the arguments of the parties and a review of the record herein, this Court finds that existing case law supports the Judicial Investigation Commission's contention that it should be allowed to conclude its investigation before this Court decides whether to reinstate Magistrate Toler. Accordingly, this Court, subject to the time limitation herein, will hold the March 4, 2005, Motion to Reinstate with Back pay in abeyance pending the outcome of the investigation.

I.

## FACTUAL AND PROCEDURAL HISTORY

On July 8, 2004, the Acting Administrative Director of the West Virginia Supreme Court of Appeals filed a complaint with the Judicial Investigation Commission ("the Commission") against Magistrate William Tom Toler ("Magistrate Toler") following his July 7, 2004, indictment in the Circuit Court of Wayne County on eight felony counts of sexual abuse, one count of demanding a bribe, and one misdemeanor count of indecent exposure. On July 16, 2004, an Order was entered by this Court finding probable cause and suspending Magistrate Toler from hearing any further civil or criminal matters or performing any other judicial functions during the pendency of Magistrate Toler's personal criminal matters. The Court specified that Magistrate Toler was to be suspended without pay. The Court further remanded the matter back to the Commission for the filing of formal charges with the instruction that those formal charges then be held in abeyance pending the outcome of Magistrate Toler's criminal case.

An investigation was launched by the Judicial Investigation Commission, and formal charges were filed with the Clerk of the Court on August 5, 2004. Specifically, the formal charges alleged that Magistrate Toler engaged in conduct which violated Canon 1, Canon 2A and B, Canon 3A and B(2) of the West Virginia Code of Judicial Conduct.[2]

---

1. Rule 2.14(d)(1) of the Rules of Judicial Disciplinary Procedure states that: "If the judge has been convicted of a serious offense or has been indicted or otherwise charged with a serious offense, the Chief Justice may order that the judge not hear any further civil or criminal matters or perform other judicial functions while the matter is pending, with or without pay."

2. Cannon 1 of the Code of Judicial Conduct provides that:
   An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code are to be construed and applied to further that objective.

Canon 2A of the Code of Judicial Conduct provides that:
   A judge shall respect and comply with the law, shall avoid impropriety and the appearance of impropriety in all of the judge's activities, and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Canon 2B of the Code of Judicial Conduct provides that:
   A judge shall not allow family, social, political, or other relationships to influence the judge's judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or knowingly permit others to convey the impression that they are in a special position to influence the judge. A judge shall not testify voluntarily as a character witness.

Magistrate Toler filed a response denying the formal charges on September 15, 2004, and requesting that the charges be dismissed.

On November 3, 2004, a second indictment was returned against Magistrate Toler in the Circuit Court of Wayne County. This indictment restated all of the original charges and added two more charges of felony sexual abuse. The new charges alleged that the felonious activity occurred during a period prior to Magistrate Toler's suspension. In the meantime, Magistrate Toler was re-elected to his position as a Magistrate for Wayne County.

The Judicial Disciplinary Counsel reported the new indictment as well as Magistrate Toler's re-election to this Court on November 6, 2004. This Court issued an Order on November 12, 2004, finding probable cause and suspending Magistrate Toler without pay immediately upon his taking the oath of office.

On February 24, 2005, Magistrate Toler was acquitted on all counts of the indictments; and on March 4, 2005, he moved for this Court to reinstate him to his former position with back pay, arguing that all the matters raised in the judicial ethics complaint were litigated in the criminal action for which Magistrate Toler was acquitted. The Commission initially informed the Court that it had no objection to the motion to reinstate, but later objected pointing out that the Judicial Hearing Board is still investigating the matter. Accordingly, the Court now considers Magistrate Toler's motion for reinstatement with back pay and the Commission's objection to the motion.

## II.

## DISCUSSION

■ "Under the authority of article VIII, sections 3 and 8 of the West Virginia Constitution and Rule II(J)(2) of the *Rules of Pro-cedure for the Handling of Complaints Against Justices, Judges, Magistrates and Family Law Masters,* the Supreme Court of Appeals of West Virginia may suspend a judge, who has been indicted for or convicted of serious crimes, without pay, pending the final disposition of the criminal charges against the particular judge or until the underlying disciplinary proceeding before the Judicial Investigation Commission has been completed." Syl., *Matter of Grubb,* 187 W.Va. 228, 417 S.E.2d 919 (1992); Syl., *Matter of Atkinson,* 193 W.Va. 358, 456 S.E.2d 202 (1995). In *Grubb,* a circuit court judge was indicted by a federal grand jury on five counts, including bribery, mail fraud, conspiracy, witness tampering and obstruction of justice. He was later indicted in a superceding indictment alleging eight additional counts, including interference with commerce by threats or violence, fraud, and racketeering activity. The indictments led to the judge's suspension without pay pending the outcome of his criminal trial.

■ Magistrate Toler cites *Grubb* to support his argument that this Court should lift the suspension now as he has been acquitted in his criminal trial. At the same time, the Commission cites *Grubb* to argue that this Court should delay a decision on the suspension pending the outcome of the judicial disciplinary proceeding. Certainly, either reading of *Grubb* is a fair interpretation of the Court's holding. However, this Court must also consider other important aspects to this case, such as the public's confidence in the honor, integrity, dignity, and efficiency of the justice system.

■ Magistrate Toler's credibility and fitness to serve as an officer of the court were called into question when he was indicted by the grand jury of Wayne County. This Court agrees with the Commission that those concerns do not simply disappear now that Magistrate Toler has been acquitted in a criminal proceeding. On the contrary, Magistrate Toler's very indictment raised

---

Canon 3A of the Code of Judicial Conduct provides that:

> The judicial duties of a judge take precedence over all the judge's other activities. The judge's judicial duties include all the duties of the judge's office prescribed by law.

Canon 3B(2) of the Code of Judicial Conduct provides that:

> A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.

concerns that have yet to be investigated because the Commission's independent investigation of this matter was ordered by this Court to be held in abeyance pending the outcome of Magistrate Toler's criminal trial. Therefore, no evidence has yet been presented in order to make a proper record for this Court to evaluate whether Magistrate Toler should now be returned to his duties. "When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development." Syl. Pt. 2, *South Side Lumber Co. v. Stone Construction Co.*, 151 W.Va. 439, 152 S.E.2d 721 (1967); Syl., *Blevins v. May*, 158 W.Va. 531, 212 S.E.2d 85 (1975); Syl. Pt. 3, *Heydinger v. Adkins*, 178 W.Va. 463, 360 S.E.2d 240 (1987). In this case, that trial court is the Judicial Hearing Board, and the development of the record must come from a full hearing before that Board.

■ Until a full hearing is held, this Court cannot properly make a determination of the merits of Magistrate Toler's Motion and the Commission's objection to it. That is, until then, this Court cannot properly determine whether Magistrate Toler is fit to return to his position as Magistrate for Wayne County. "The purpose of judicial disciplinary proceedings is the preservation and enhancement of public confidence in the honor, integrity, dignity, and efficiency of the members of the judiciary and the system of justice." Syl., *Matter of Gorby*, 176 W.Va. 16, 339 S.E.2d 702 (1985); Syl. Pt. 1, *Matter of Phalen*, 197 W.Va. 235, 475 S.E.2d 327 (1996); Syl., *Matter of Reese*, 201 W.Va. 177, 495 S.E.2d 548 (1997). This Court will not retreat from its duty to the justice system.

## IV.

## CONCLUSION

Accordingly, this Court holds the March 4, 2005, Motion to Reinstate with Back pay in abeyance pending the full development of the record in this matter through the judicial investigation process. In addition, the Commission is hereby directed to immediately determine whether to proceed further or drop all charges. If the Commission determines to proceed further, it shall seek the scheduling of a hearing before the Judicial Hearing Board by June 30, 2005. The Judicial Hearing Board's recommendation to this Court should follow in accordance with Rule 4.8 of the Rules of Judicial Disciplinary Procedure.

The Clerk of the Court is directed to issue the mandate in this case forthwith.

Motion to reinstate with back pay held in abeyance.

STARCHER, J., dissenting.

This magistrate was duly elected and our law most clearly says that the *people who elected him have a right to his services,* absent a finding that his conduct bars his service.

The complaint now pending before the Judicial Hearing Board states that this magistrate "had been charged in the commission of serious criminal offenses." Once that was true. But it is true no longer. There are *no* criminal charges. He has been determined to be *legally not guilty* of any crime.

Now, can he be removed from office for conduct that is not a crime? Possibly. But before that can be done, the case must move through the judicial disciplinary procedures as provided for in the *West Virginia Rules of Judicial Disciplinary Procedure*. And, in such a case there can be a suspension from office without pay, but not to exceed one year. In such a case, there is a duty to prove conduct to such a degree as to override the rights of the people to his services. That is quite a burden.

In the meanwhile, not paying this magistrate is simply wrong. He met the serious criminal charges and was acquitted. Furthermore, there are no criminal charges pending against him at this time. He should be reinstated with back pay while the investigation continues.

Accordingly, I dissent.