**Judge Samuel C. LONG of the 37th Judicial District, Appellant,**

v.

**The JUDICIAL RETIREMENT & REMOVAL COMMISSION of the Commonwealth of Kentucky, Appellee.**

Supreme Court of Kentucky.

Dec. 16, 1980.

———

William C. Wessell and Jerry Anderson, Oakley & Anderson, Lexington, for appellant.

Robert Rawlins, Lexington, for appellee.

OPINION OF THE COURT *

This is a judicial review of an action of the Judicial Retirement and Removal Commission pursuant to Ky.Const. section 121 and SCR 4.290.

In a nutshell, the Commission found that Judge Long knowingly used his office as district judge to protect the bootlegging industry in Morgan County. We have examined the record and are unable to say that it was unreasonable for the Commission, as a fact finder, to be clearly con-

* Chief Justice PALMORE and Justice STEPHENS declared themselves disqualified to participate in the consideration of this case. They were replaced by Hon. FAUST Y. SIMP-

SON, a retired Circuit Judge, and Hon. L. T. GRANT, a serving Circuit Judge. They were appointed to serve as Special Justices by the Governor pursuant to Ky.Const. section 110(3).

vinced that this situation existed. Consequently, this finding is not "clearly erroneous" and we may not disturb it. SCR 4.290(1); CR 52.01.

The Commission concluded that Judge Long's actions and failures to act constituted misconduct in office,[1] persistent failure to perform duties[2] and violations of the Code of Judicial Conduct, Canons 1, 2 and 3.[3] These Canons provide:

"1. A judge should uphold the integrity and independence of the judiciary.

2. A judge should avoid impropriety and the appearance of impropriety in all his activities.

3. A judge should perform the duties of his office impartially and diligently."

This conclusion is patently legally correct. See *Wilbur v. Howard*, D.C.Ky., 70 F.Supp. 930, 933–937 (1947), reversed as moot upon the death of the respondent, 6th Cir., 166 F.2d 884 (1948).

The Commission selected a penalty of suspension from office as a district judge without pay for a period of twelve months. While the negative impact of Judge Long's conduct on the community which he serves must not be deprecated, it must be recognized that the Commission chose to bypass the more extreme penalty of removal from office for the more lenient penalty of suspension. SCR 4.020(1)(b).

Because of the passage of time necessarily required to complete this expedited appellate process and the fact that Judge Long's term of office expires with the year 1981, the twelve month suspension is effectively escalated into a removal from office. We do not believe that the Commission either anticipated or intended this result. Consequently, a modification of penalty is appropriate. SCR 4.290(5).

The order of the Commission is modified by reducing the period of suspension from twelve months to six months. As modified, the order is affirmed.

All concur except AKER, CLAYTON and STEPHENSON, JJ., who dissent.

AKER, Justice, dissenting.

I do not find the evidence presented to be sufficiently "clear and convincing" to support the more serious charges against Judge Long. See *Nicholson v. Judicial Retire. and Removal Com'n*, Ky., 573 S.W.2d 642 (1978).

I think the only action by the judge which was supported by "clear and convincing" evidence was that he knowingly and intentionally failed to apply the mandatory provisions of KRS 242.410, which in my opinion would merit a penalty of less severity.

I am authorized to say that CLAYTON and STEPHENSON, JJ., join in this dissent.