IN RE: INQUIRY CONCERNING, A JUDGE, NO. 84, PAUL M. WRIGHT,
RESPONDENT

No. 31A85

(Filed 7 May 1985)

1. Judges § 7— political campaign committees—not political organization under Canon 7

A political candidate's campaign committee is not a "political organiza-
tion" to which a judge or judicial candidate may contribute under Canon 7A.(2)
of the North Carolina Code of Judicial Conduct. The Judicial Standards Com-
mission correctly determined that contributions to senate and gubernatorial
campaign committees violated Canon 7. G.S. 163-278.7(a).

2. Judges § 7— contributions to campaign committee—violation of Canon 7

Contributions to the campaign committees of senatorial and gubernatorial
candidates constituted conduct prejudicial to the administration of justice
where respondent had been appointed to office by one of the candidates and
where both candidates, if elected, would be in a position to appoint or recom-
mend the appointment of judges. Members of the public could easily conclude
that the contributions were a reward for a past judicial appointment as well as
an expression of hope for a future one. G.S. 7A-376.

PETITION by respondent for hearing on the recommendation
filed by the Judicial Standards Commission with the Clerk of the
Supreme Court of North Carolina on 15 January 1985. Heard in
the Supreme Court 8 April 1985.

In 1983, respondent, then a District Court Judge, contributed
$1,250.00 to the United States Senate campaign of former Gover-
nor James B. Hunt, Jr. and $1,250.00 to the gubernatorial cam-
paign of former Attorney General Rufus L. Edmisten. These
contributions were made by checks payable to the campaign com-
mittees of the candidates. Following receipt of a complaint charg-
ing respondent with willful misconduct in office, the Judicial
Standards Commission (Commission) held a formal hearing and
recommended that respondent be censured for conduct prejudicial
to the administration of justice that brings the judicial office into
disrepute.

*Lacy H. Thornburg, Attorney General, by James J. Coman,
Special Deputy Attorney General, and Joan H. Byers, Assistant
Attorney General, for the Judicial Standards Commission.*

*Blanchard, Tucker, Twiggs, Earls & Abrams, P.A., by
Howard F. Twiggs and George E. Kelly, III, for the respondent.*

BRANCH, Chief Justice.

Canon 7A.(1)(d) of the North Carolina Code of Judicial Conduct provides that a judge or judicial candidate should not make financial contributions to a candidate for political office. However, he may contribute to a political party or organization, Canon 7A.(2), or as between contestants for judicial office, he may contribute to the campaign fund of the candidate he considers best qualified. Canon 7A.(1)(b), Code of Judicial Conduct. He may also contribute to the political campaign of members of his family. Canon 7A.(1)(d), Code of Judicial Conduct.

Respondent attacks the recommendation of the Commission on two grounds: that a contribution to the campaign committee of a candidate for political office is a contribution to a "political organization" allowed by Canon 7A.(2) and that contributions by judges to political campaign committees do not result in prejudice to the administration of justice that brings the judicial office into disrepute.

[1] Respondent has made a number of arguments to support his contention that the campaign committee of a candidate for political office is a "political organization" within the meaning of Canon 7 and is separate and distinct from the candidate himself. Though he has approached the problem from a number of directions, respondent's basic argument is that under Canon 7 a candidate as an individual is separate from his campaign committee which commonly will have more than one person. We cannot agree.

The clear purpose of Canon 7A.(1) is to prevent judges from making contributions to the campaigns of candidates for political office other than judicial candidates or members of a judge's family. To hold that contributions to a candidate's campaign committee are contributions to a "political organization" would frustrate the purpose of the Canon. The political organizations envisioned by Canon 7A.(2) are entities such as the Republican Party, the Wake County Democratic Men's Club, the Democratic Party, the Conservative Party, etc. All candidates for political office in North Carolina must have treasurers, N.C.G.S. § 163-278.7(a), and as a result most candidates establish campaign committees. The fact that a candidate has set up a committee to handle the contributions to his campaign does not insulate him from the con-

tributors. Such a committee is the creature of the candidate who created it and is established for the convenience of the candidate. It is not the "political organization" referred to by Canon 7A.(2) but is, in effect, the alter ego of the candidate.

The North Carolina Code of Judicial Conduct is based on the ABA Code of Judicial Conduct, ABA Code of Professional Responsibility and Code of Judicial Conduct (1977). Other states that have adopted the ABA Canons have concluded that checks made to the campaign committees of candidates for political office are deemed to be contributions to the candidate. *In re Larkin*, 368 Mass. 87, 333 N.E. 2d 199 (1975); *In re Briggs*, 595 S.W. 2d 270 (Mo. 1980). In order for Canon 7A.(1) to have any meaning, checks made to a candidate's campaign committee must be treated as contributions to the candidate. Otherwise, the restrictions imposed by Canon 7 on campaign contributions by judges and judicial candidates are meaningless. The Commission properly concluded that respondent's contributions to the senate campaign committee of former Governor James B. Hunt, Jr. and the gubernatorial campaign committee of former Attorney General Rufus L. Edmisten violated Canon 7 of the North Carolina Code of Judicial Conduct.

[2] Respondent next argues that his contributions did not constitute conduct prejudicial to the administration of justice. We disagree.

Conduct prejudicial to the administration of justice which brings the judicial office into disrepute is willful misconduct in office, *In re Nowell*, 293 N.C. 235, 248, 237 S.E. 2d 246, 255 (1977), or " 'conduct which a judge undertakes in good faith but which nevertheless would appear to an objective observer to be not only unjudicial conduct but conduct prejudicial to public esteem for the judicial office.' " *In re Edens*, 290 N.C. 299, 305, 226 S.E. 2d 5, 9 (1976) (quoting *Geiler v. Commission on Judicial Qualifications*, 10 Cal. 3d 270, 110 Cal. Rptr. 201, 515 P. 2d 1 (1973), *cert. denied*, 417 U.S. 932 (1974) ). A significant factor in the determination of whether conduct is prejudicial is "the impact which knowledge of the conduct would likely have on the prevailing attitudes of the community, and whether the judge acted knowingly or with a reckless disregard for the high standards of the judicial office." *In re Martin*, 302 N.C. 299, 316, 275 S.E. 2d 412, 421 (1981).

Respondent contends that public esteem for the judiciary is not lowered when a judge engages in reasonable political conduct. He points to the fact that Canon 7 does not forbid all political activity and that he simply did what any citizen is capable of doing. He also points out that he was not acting in his judicial capacity when he made the contributions and contends that a violation of Canon 7 must stem from conduct while he was acting in such capacity.

After a careful review of the evidence, we conclude that respondent's campaign contributions constitute conduct prejudicial to the administration of justice that brings the judicial office in disrepute.

We cannot accept respondent's assertion that the integrity of his office and of the judiciary has not been affected by his campaign contributions. Any contribution by respondent to these candidates would violate Canon 7, and the amounts of the contributions in question are sufficiently large to constitute more than "normal political activity." Of greater significance is the fact that respondent, who was originally appointed to the District Court bench by Governor James B. Hunt, Jr., made these contributions to the two men in the State who, if elected, would on occasion be in a position to appoint or recommend the appointment of judges. Members of the public could easily conclude that the contributions were a reward for a past judicial appointment as well as an expression of hope for a future one. See Larkin, 368 Mass. at 91-92, 333 N.E. 2d at 202. It is clear that respondent's actions tend to undermine public confidence in the judiciary. The fact that respondent was not acting in his judicial capacity is irrelevant because his actions reflect on the integrity of the judicial office. See Martin, 302 N.C. at 316, 275 S.E. 2d at 421. Respondent had twice participated in elections for judicial office and should have been familiar with the restrictions imposed on the political activities of judges and judicial candidates by Canon 7.

The Commission's findings are supported by clear and convincing evidence and we adopt them as our own. In re Kivett, 309 N.C. 635, 645, 664, 309 S.E. 2d 442, 448, 459 (1983). We also adopt the Commission's conclusion of law that respondent made campaign contributions in violation of Canon 7A.(1)(d) and that these actions of respondent constitute conduct prejudicial to the ad-

ministration of justice that brings the judicial office into disrepute. Therefore, in the exercise of our independent judgment, *see Kivett,* 309 N.C. at 664, 309 S.E. 2d at 459, we hold that respondent should be censured in accordance with the recommendations of the Commission.

A proceeding before the Judicial Standards Commission is neither a civil nor a criminal action. *Nowell,* 293 N.C. at 241, 237 S.E. 2d at 250. Rather, it is "an inquiry into the conduct of one exercising judicial power. . . . Its aim is not to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice." *Id.* The case at bar involves the least infraction of judicial standards meriting the imposition of sanctions that this Court has had to consider. However, censure or removal are the only sanctions authorized by N.C.G.S. § 7A-376.

Therefore, it is Ordered that Judge Paul M. Wright be and he is hereby censured by this Court.

Done by the Court in Conference this 7th day of May, 1985.