339 S.E.2d 702

**In the Matter of Magistrate
Kenneth L. GORBY.**

**No. 10–84.**

Supreme Court of Appeals
of West Virginia.

Dec. 11, 1985.

Charles ·R. Garten, Charleston, for Jud. Inv. Comm.

David J. Romano, Young, Morgan, Cann & Romano, Clarksburg, for Gorby.

McGRAW, Justice.

The petitioner, Magistrate Kenneth L. Gorby, requests a reduction of his six month suspension without pay imposed by this Court on July 9, 1985, pursuant to our determination of his violation of Canon 2 A of the Judicial Code of Ethics with respect to a series of altercations initiated at a high school football game. He asserts that since July 11, 1985, the effective date of the order, he has conducted himself in a respectable manner and in conformance with the mandates of the Judicial Code of Ethics. He further states in his petition that:

> This is the first occasion in which the Petitioner has been the subject of a complaint filed with the Judicial Investigation Commission. Even though the expe-

rience was not a pleasant one, it has increased the Petitioner's awareness of the high standard of conduct required of him by the Judicial Code of Ethics. Petitioner realizes that as a result of holding a judicial office, his conduct must be such as will bestow the utmost respect for the office he holds as well as instill confidence in the public that he will exercise the highest degree of respect for the law. He is also aware that his reaction to any situation must be made in light of the office which he holds; and while a certain reaction may not be inappropriate for others, the same reaction may be inappropriate for him due to the position he holds.

■■■ It is well established that the purpose of judicial disciplinary proceedings is the preservation and enhancement of public confidence in the honor, dignity, integrity, and efficiency of the members of the judiciary and the system of justice. *See Matter of Riley*, 142 Ariz. 604, 615, 691 P.2d 695, 706 (1984); *Wenger v. Commission on Judicial Performance*, 29 Cal.3d 615, 654, 175 Cal.Rptr. 420, 442, 630 P.2d 954, 976 (1981); *In re Kelly*, 238 So.2d 565, 569 (Fla.1970); *State ex rel. Commission on Judicial Qualifications v. Rome*, 229 Kan. 195, 205–06, 623 P.2d 1307, 1317 (1981); *Nicholson v. Judicial Retirement and Removal Commission*, 562 S.W.2d 306, 308 (Ky.1978); *In re Diener*, 268 Md. 659, 670, 304 A.2d 587, 594 (1973); *Matter of Storie*, 574 S.W.2d 369, 373 (Mo.1978); *Matter of Reeves*, 63 N.Y.2d 105, 111, 480 N.Y.S.2d 463, 469 N.E.2d 1321, 1323 (1984); *In re Wright*, 313 N.C. 495, 499, 329 S.E.2d 668, 671 (1985). Furthermore, in certain limited circumstances, modification of a sanction imposed pursuant to a judicial disciplinary proceeding may be appropriate. *See, e.g., Long v. Judicial Retirement and Removal Commission*, 610 S.W.2d 614, 615 (Ky. 1980); *State ex rel. Williams v. Haworth*, 551 P.2d 676, 679 (Okl.Jud.1976).

■■ The petitioner in the instant proceeding is not only remorseful with respect to past misconduct, but evidences a heightened sensitivity to the maintenance of public respect for the judiciary and its officers.

Accordingly, we hereby reduce Magistrate Gorby's suspension without pay from six months to five months, terminating on December 11, 1985.

Period of Suspension Reduced to Five Months Without Pay.