**In the Matter of the Honorable Richard E. SALLEE, Judge of the Marion Municipal Court.**

**No. 49S00–9103–JD–172.**

Supreme Court of Indiana.

Oct. 10, 1991.

Gordon E. Tabor, Tabor, Fels & Tabor, Indianapolis, Richard Eugene Sallee, Indianapolis, for appellant.

Meg W. Babcock, Staff Atty., Indiana Com'n on Judicial Qualifications, Indianapolis, for appellee.

**PER CURIAM.**

The Indiana Commission on Judicial Qualifications (Commission) and the Respondent, the Honorable Richard E. Sallee, Judge of the Marion Municipal Court, have entered into and now tender for this Court's approval, a Conditional Agreement for Discipline.

On May 18, 1991, pursuant to the procedures outlined in Admission and Discipline Rule 25, the Commission charged Respondent with violation of Canons 1, 2, and 7A(1)(c) of the Code of Judicial Conduct, alleging that Respondent had knowingly made a financial contribution to a political candidate in clear violation of said Canons.

The charges filed by the Commission alleged:

Respondent entered the downtown Indianapolis office of the Indiana Democratic Party and stated to the campaign manager for Hoosiers for Hogsett, the Democratic candidate for Secretary of State, the following words or substantially the following words, "Hi. I'm Dick Sallee. I want to give you $100, but, I want you to put it in my wife's name because I'm a sitting judge and I'm not supposed to be doing this."

The charges went on to state:

Respondent was referred to the chief fund raiser for Hogsett to whom he restated his intent. When Respondent was informed that his contribution would be in his name because he had written and signed the check, he asked, "How about if I give you cash?" After Respondent was informed that a cash contribution from him would be in his name, he eventually said, "That's OK. Just go ahead and put it in both names." Respondent then gave Hoosiers for Hogsett a check from a joint account with Cheri Sallee for $100 signed by Respondent, to which he added the notation, "on behalf of Cheri Sallee."

Rather than going to trial on these charges Respondent entered into an agreement with the Commission regarding the nature of the conduct and the sanction that should be imposed in this case.

The facts stipulated by the parties are as follows:

1. That the charges were brought before the Indiana Supreme Court, which, pursuant to Article 7, Section 4 of the Constitution of Indiana, has original jurisdiction over the discipline, suspension, and removal of all judges and lawyers of this State.

2. That on October 23, 1990, Respondent was a duly appointed judge of the Marion Municipal Court.

3. That on October 23, 1990, Respondent walked into the Indiana Democratic Headquarters in Indianapolis, identified himself by name and judicial title, and informed the Democratic Headquarters personnel that he was there with a contribution to the campaign of Joseph Hogsett, then candidate for Secretary of State.

4. That Respondent filled out, signed, and delivered a check for $100.00 to Hoosiers for Hogsett on a check from a checking account held jointly between Respondent and Respondent's wife, Cheri Sallee.

5. That Respondent wrote on the check "Donation on behalf of Cheri Sallee."

6. That Respondent understood that he would be identified as a contributor to Hoosiers for Hogsett.

7. That Respondent was aware that Canon 7A(1)(c) of the Code of Judicial Conduct provides, "A judge ... should not ... make a contribution to a political ... candidate."

8. That Respondent violated 7A(1)(c) of the Code of *Judicial Conduct* as well as Canons 1 and 2A which provide that a judge should maintain high standards of conduct so that the integrity and independence of the judiciary may be preserved and that a judge should avoid the appearance of impropriety and should conduct himself at all times in a manner which promotes public confidence in the integrity of the judiciary.

From the above agreed and undisputed facts, we find that the Respondent engaged in the charged misconduct. We find that Respondent knowingly made a contribution to a political candidate in direct violation of Canon 7A(1)(c) which states:

A judge ... should not ... make a contribution to a political candidate....

The mandate of Canon 7 is not in doubt. In taking the oath of office a judge takes on the obligation to be strictly bound by the Code of Judicial Conduct. Nevertheless, the Respondent disregarded this sworn obligation when he made a donation to a political candidate though purporting to do the same on behalf of his wife. Behavior such as this is inconsistent with dictates of the Code. Giving to non-judicial political candidates or their campaign committees is simply not permitted by the code. See *In re Wright* (1985), 313 N.C. 495, 329 S.E.2d 668.

Even if Respondent's conduct was factually consistent with the theory that it was his wife who was giving the money, we note that Canon 7B(1)(a) indicates that a judge "should encourage members of his family to adhere to the same standards of political conduct that apply to him." Purporting to make a political contribution for a spouse is contrary to the directive of this Canon.

Besides the violation of Canon 7 we also find violations of Canons 1 and 2 of the Code of Judicial Conduct. Canon 1 states that a judge should uphold the integrity and independence of the judiciary. It goes on to state that "An independent and honorable judiciary is indispensable to justice in our society."

Canon 2 indicates that a judge should avoid the appearance of impropriety in order to promote confidence in the integrity and impartiality of the judiciary. The people of Indiana deserve nothing less than conscientiously ethical judges. The partisan nature of a contribution to a political candidate could lead reasonable people to question the independence and impartiality of Respondent. See *In re Larkin* (1975), 368 Mass. 87, 333 N.E.2d 199.

This Court is cognizant of the fact that it is sometimes difficult for judges to remain above the fray and pressure of partisan politics. In some instances there may be a fine line between appropriate and inappro-

priate conduct. That is why the Court has been more active in directing the Commission to give advisory opinions to help judges with concerns about the Code. The Court has also amended Canon 7A from time to time so that it responds to the realities which most judges face. Thus, we stress that the imposition of the sanction in this case is not for an inadvertent violation of the Code; it is for a knowing, publicly announced, and intentional violation. In light of the foregoing considerations and the agreed facts, this Court concludes that the agreed discipline, a public reprimand, is appropriate.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Conditional Agreement for Discipline entered into by the parties is hereby approved, and accordingly, the Respondent, the Honorable Richard E. Sallee, is hereby PUBLICLY REPRIMANDED and ADMONISHED for the conduct found herein. To avoid future defalcations, Respondent must recharge himself with new determination to comply with the ethical dictates of the Code of Judicial Conduct. This discipline terminates and forecloses all disciplinary proceedings relating to the circumstances giving rise to this cause.

Costs of this proceeding are assessed against Respondent.