410 S.E.2d 282

**In the Matter of Nancy BOESE, Magistrate of Putnam County.**

**No. 19769.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1991.

Decided Oct. 17, 1991.

---

Charles R. Garten, The Judicial Investigation Com'n of West Va., Charleston, for complainant.

Robert P. Martin, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, for respondent.

PER CURIAM:

This matter is before this Court upon review of the judicial disciplinary proceedings initiated against Nancy Boese, a magistrate in Putnam County. The Judicial Hearing Board (the Board) found that Magistrate Boese violated Canons 1, 2A and 2B of the Judicial Code of Ethics,[1] and recom-

mended that she be publicly admonished and incur the cost of this action. After reviewing the record, we concur in the Board's recommendation to the extent that we publicly reprimand Magistrate Boese.

## I.

This proceeding arose from a series of harassing telephone calls exchanged between Magistrate Boese and her ex-husband, Robert Hanson. Several of the calls were made while Magistrate Boese was on duty and were to and from her office phone. During the conversations, Magistrate Boese used obscene and abusive language. Moreover, on at least one occasion, Magistrate Boese left a threatening message on Mr. Hanson's answering machine, in which she warned him that he "better not cross the centerline on the way to work either because you better be looking over your shoulder." Several months after the harassment began, Mr. Hanson filed a complaint against Magistrate Boese with the Judicial Investigation Commission.

At the disciplinary hearing, Joan Bannister, a former employee of Magistrate Boese, testified that Magistrate Boese spent so much time fighting with Mr. Hanson on the phone that it interfered with her work. Ms. Bannister further testified that during these phone conversations, Magistrate Boese used vulgar and profane language which could be overheard by the general public. Magistrate Boese admitted that she had conversations with Mr. Hanson during working hours in which she occasionally used off-color language. She testified that when these conversations took place, the only people who ever overheard them were members of her family or

1. Canons 1, 2A, and 2B of the Judicial Code of Ethics state:

Canon 1: "An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective."

Canon 2A: "A judge should respect and comply with the law and should conduct him-

self at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

Canon 2B: "A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness."

Ms. Bannister. Finally, although she felt continually harassed by Mr. Hanson, Magistrate Boese contended that she did not allow their dispute to interfere with the performance of her official duties.

Magistrate Boese's testimony about her statement that Mr. Hanson "better be looking over [his] shoulder" began as an attempt at an innocent explanation, but concluded with her virtually admitting that she was threatening him. According to Magistrate Boese, Mr. Hanson had a drinking problem and frequently drove to work intoxicated. Earlier that evening, Mr. Hanson had had an altercation with a police officer and the officer had apparently told Magistrate Boese "that he would probably be watching him closely[.]"

Magistrate Boese testified that she wanted to inform Mr. Hanson that he may be "subjecting himself ... to a drunk driving charge[.]" When pressed, Magistrate Boese conceded that she was not concerned for Mr. Hanson's welfare.[2] Rather, after reciting several incidents in which Mr. Hanson had harassed her, Magistrate Boese confessed her intent to reciprocate: "I was looking over my shoulder and I thought it was time he should look over his shoulder."

## II.

In the Syllabus of *Matter of Gorby*, 176 W.Va. 11, 339 S.E.2d 697, *modified on other grounds*, 176 W.Va. 16, 339 S.E.2d 702 (1985), we explained our role in judicial disciplinary matters:

" 'The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of Judicial [Hearing] Board in disciplinary proceedings.' Syl. pt. 1, *West Virginia Judicial Inquiry Commission v. Dostert*, [165 W.Va. 233] 271 S.E.2d 427 (1980)."

*See also Matter of Crislip*, 182 W.Va. 637, 391 S.E.2d 84 (1990); *In re Markle*, 174 W.Va. 550, 328 S.E.2d 157 (1984); *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983). The standard of proof required in such proceedings was stated in Syllabus Point 4 of *In re Pauley, supra:*

"Under Rule III(C)(2) ... of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges, and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding 'must be proved by clear and convincing evidence.' "

*See also Matter of Gainer*, 185 W.Va. 8, 404 S.E.2d 251 (1991); *Matter of Crislip, supra; Matter of Osburn*, 173 W.Va. 381, 315 S.E.2d 640 (1984).

Applying the standard to the case before us, we find that there was not clear and convincing evidence presented that Magistrate Boese allowed her relationship with Mr. Hanson to interfere with her job or that she allowed their dispute to be made public. Ms. Bannister was the only person who made this allegation, and her testimony is somewhat suspect because she did not make these assertions until after she was fired by Magistrate Boese.

Moreover, although Magistrate Boese admitted that she had conversations with Mr. Hanson during office hours in which she used profane language, these actions alone do not constitute an ethical violation. The occasional use of off-color language by a judicial officer in the privacy of his or her office or among close acquaintances does not amount to conduct warranting discipline. *Wenger v. Commission on Judicial Performance*, 29 Cal.3d 615, 175 Cal.Rptr. 420, 630 P.2d 954 (1981); *Matter of Bennett*, 403 Mich. 178, 267 N.W.2d 914 (1978). *Cf. Matter of Gorby, supra* (use of foul and abusive language at football game warranted disciplinary action); *In re Pauley, supra* (judges can be disciplined for using intemperate, profane, vulgar, and abusive language while conducting official duties).

We are troubled by the threatening message Magistrate Boese left on Mr. Hanson's answering machine. Magistrate Boese's choice of words, the inflection in

---

**2.** Specifically, the following dialogue transpired:
"[MAGISTRATE BOESE]: ... [I]t didn't really matter to me if he got arrested for drunk driving.

"But if he did, he was going to have to be subjected to a field sobriety test just like anyone else."

her voice, and her desire to reciprocate for the harassment she had experienced simply render untenable her contention that she called Mr. Hanson because she wanted to inform him the police were watching him. Rather, we agree with the finding of the Board that Magistrate Boese was attempting to use her official position as an officer of the Court to threaten Mr. Hanson with arrest for driving under the influence.

In short, although Magistrate Boese's reaction to the unpleasant situation she was confronted with may be understandable, her actions fell below the high standards of conduct required of judges "so that the integrity and independence of the judiciary may be preserved," thus, violating Canon 1. Moreover, Magistrate Boese failed to "conduct [herself] at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" in violation of Canon 2A, and allowed her "relationships to influence [her] judicial conduct" as prohibited by Canon 2B.

Accordingly, the Court hereby publicly reprimands Magistrate Boese.

Public reprimand.