495 S.E.2d 854

**Mary M. HAPCHUCK, Plaintiff below, Appellant,**

v.

**Bruce PIERSON, Jr., M.D., and Bruce Pierson, Jr., M.D., P.D., a West Virginia Corporation, Defendants below, Appellees.**

No. 23782.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1997.

Decided Oct. 24, 1997.

---

John E. Triplett, Jr., Theisen, Brock, Frye, Erb & Leeper Co., Marietta, OH, for Appellant.

Charles M. Love, III, Stuart A. McMillan, Bowles, Rice, McDavid, Graff & Love, Charleston, for Appellees.

PER CURIAM: [1]

■ Mary M. Hapchuck appeals a summary judgment order of the Circuit Court of Wood County dismissing her complaint against Bruce Pierson, Jr., M.D. and Bruce Pierson, Jr., M.D., P.C., a West Virginia corporation. On appeal, Ms. Hapchuck argues that summary judgment should not have been granted because: (1) there was a material issue of fact concerning whether Dr. Pierson's treatment of Ms. Hapchuck was negligent, and (2) Dr. Pierson failed in his duty to warn Ms. Hapchuck of the risks involved in his treatment of her. Because

---

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) (*"Per curiam* opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta* .... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published *per curiam* opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a *per curiam* opinion.")

Ms. Hapchuck did not present an expert opinion stating that the treatment given by Dr. Pierson was the cause of her injury, and because she did not present an expert opinion that Dr. Pierson breached any duty to warn her in relationship with the treatment rendered, we affirm the circuit court's order.

## I.

Beginning sometime in the 1980's, Mary M. Hapchuck began suffering from various problems with her fingernails, including nail discoloration, deformity and general discomfort. In 1989 Ms. Hapchuck began seeing Dr. Bruce Pierson, a dermatologist, for her condition. After evaluating Ms. Hapchuck, Dr. Pierson diagnosed her with an uncommon nail disease, "Yellow Nail Syndrome."

Dr. Pierson began treating Ms. Hapchuck with corticosteroid injections in the proximal nail fold. Dr. Pierson discussed the treatment with Ms. Hapchuck explaining that she could suffer some pain, thinning of the skin and/or decreased pigmentation in the area of the injection. These injections took place over a period of months.

Five weeks after the last injection, Ms. Hapchuck suffered an injury to her index finger on her left hand while pushing up on a bolt in a door. As a result of this injury, Ms. Hapchuck began to suffer from "mallet finger"—in which the tendon is injured, causing the end of the finger to droop down. In addition to this problem, six months after her last injection Ms. Hapchuck began to notice a "swan neck" deformity on the other fingers of her left hand.

Ms. Hapchuck brought suit against Dr. Pierson for medical malpractice in Wood County. After discovery was concluded and before the trial began, counsel for Dr. Pierson moved for summary judgment. The circuit court examined the record and granted summary judgment, ruling that the plaintiff failed to present evidence as required by W.Va.Code, 55–7B–3 [1986].[2] The circuit court concluded no genuine issue of material fact remained to be tried. This appeal followed.

## II.

The standard of review applicable to summary judgment is set out in Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994); that review is *de novo*. The standard for granting summary judgment is set forth in Syllabus Point 3, *Aetna Casualty & Sur. Co. v. Federal Insurance Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963):

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

*In accord*, Syllabus Point 1, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995); Syllabus Point 2, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). More recently this Court held in *Fayette Co. National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997) that the circuit court shall set forth adequate findings of fact to support a summary judgment. We held:

> Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

Syllabus Point 3, *Fayette County National Bank, supra*. The circuit court in the instant case complied with these principles.

The standard of review under *W.Va. Code*, 55–7B–7 [1986][3] of a circuit court's

---

2. W.Va.Code, 55–7B–3 [1986].
   The following are necessary elements of proof that an injury or death resulted from the failure of a health care provider to follow the accepted standard of care:
   (a) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
   (b) Such failure was a proximate cause of the injury or death.

3. *W.Va.Code*, 55–7B–7 [1986] states, in part, that:

requiring expert testimony in a medical malpractice case was discussed in *McGraw v. St. Joseph's Hospital,* 200 W.Va. 114, 488 S.E.2d 389 (1997); we stated in Syllabus Point 8:

> A trial court is vested with discretion under W.Va.Code § 55–7B–7 (1986) to require expert testimony in medical professional liability cases, and absent an abuse of that discretion, a trial court's decision will not be disturbed on appeal.

■ This Court also addressed the need for expert testimony in medical malpractice cases in *Roberts v. Gale,* 149 W.Va. 166, 139 S.E.2d 272 (1964). In Syllabus Point 2 of *Roberts,* we said, "[i]t is the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses." *In accord,* Syllabus Point 1, *Farley v. Meadows,* 185 W.Va. 48, 404 S.E.2d 537 (1991); Syllabus Point 5, *McGraw v. St. Joseph's Hospital,* 200 W.Va. 114, 488 S.E.2d 389 (1997). Further, in addressing the issue of a physician's duty to warn a patient of the potential consequences of medical treatment, this Court has stated:

> Although expert medical testimony is not required under the patient need standard to establish the scope of a physician's duty to disclose medical information to his or her patient, expert medical testimony

would ordinarily be required to establish certain matters including: (1) the risks involved concerning a particular method of treatment, (2) alternative methods of treatment, (3) the risks relating to such alternative methods of treatment and (4) the results likely to occur if the patient remains untreated.

Syllabus Point 5, *Cross v. Trapp,* 170 W.Va. 459, 294 S.E.2d 446 (1982).

■ We find that the circuit court did not abuse its discretion, and that it correctly found the plaintiff's case wanting for expert testimony on the issue of medical malpractice generally, and on the issue of the physician's duty to warn specifically. Summary judgment was, therefore, appropriate in this case.

In view of the lack of competent expert testimony on the issues before this Court, we affirm the ruling of the Circuit Court of Wood County.

Affirmed.

---

The applicable standard of care and a defendant's failure to meet said standard, if at issue, shall be established in medical professional liability cases by the plaintiff by testimony of one or more knowledgeable, competent expert witnesses if required by the court.