558 S.E.2d 590

**In the Matter of Bonnie L. RIFFLE,
Magistrate for Morgan County,
West Virginia**

No. 26729.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 5, 2001.

Decided Oct. 25, 2001.

Bonnie Riffle, Kearneysville, Pro Se.

Charles R. Garten, Esq., Judicial Disciplinary Counsel, Judicial Investigation Commission, Charleston, for Appellee.

## PER CURIAM.

This judicial disciplinary proceeding arises from an action of the Judicial Investigation Commission ("the Commission") that charged Morgan County Magistrate Bonnie Riffle with violating several canons of the *West Virginia Code of Judicial Conduct*. The Commission found probable cause that Ms. Riffle violated Canons 1, 2A, 3A, and 3B(2) of the *Code of Judicial Conduct*. The matter was then forwarded to the Judicial Hearing Board ("the Board"). The Board concluded that Ms. Riffle had violated the canons as charged and recommended: (1) censuring Ms. Riffle, (2) suspending her without pay for one year, and (3) fining her $5,000.00. Ms. Riffle appeals the recommendation of the Judicial Hearing Board.

## I.

A Morgan County grand jury returned a seven-count indictment against Magistrate Riffle on April 13, 1999. The indictment charged her with two counts of feloniously and fraudulently attempting to secure workers compensation benefits, a violation of *W.Va.Code*, 23–4–19 [1993]. She was also charged with five misdemeanors: three counts of providing false or misleading information to the Department of Public Safety [specifically, members of the West Virginia State Police], in violation of *W.Va.Code*, 15–2–16 [1977], and two counts of falsely reporting an emergency incident in violation of *W.Va.Code*, 61–6–20(3) [1984].

Following the indictment, the Administrative Director of the Courts filed a complaint with the Judicial Disciplinary Counsel in accordance with Rule 2.14 of the *West Virginia Rules of Judicial Disciplinary Procedure*. Disciplinary Counsel then investigated the matter and filed a report with the Chief Justice of the Supreme Court of Appeals of West Virginia.

On April 15, 1999, the Court issued an order suspending Ms. Riffle without pay from her duties as a magistrate.[1] On October 1, 1999, a jury convicted Ms. Riffle of all seven criminal charges for which she was indicted.

On October 21, 1999, the Commission found probable cause that Ms. Riffle had violated several canons of the *Code of Judicial Conduct*, and filed formal charges against her with the Clerk of the Supreme Court of Appeals. The Clerk then referred the matter to the Board for a hearing.

Meanwhile, Ms. Riffle appealed her criminal convictions to this Court. While her criminal appeals were pending, the Board and Ms. Riffle agreed that if this Court upheld Ms. Riffle's criminal convictions, then her criminal acts would have violated Canons 1, 2A, 3A and 3B(2). The Board would then consider what, if any, sanctions should be applied to Ms. Riffle.

On October 5, 2000, this Court refused Ms. Riffle's petition for appeal in the criminal cases, and on April 24, 2001, the Board filed with this Court its "Recommended Findings of Fact, Conclusions of Law, and Proposed Disposition" in accordance with Rule 4.8 of the *Rules of Judicial Disciplinary Procedure*. On May 16, 2001, the Board filed a more detailed "Amended Recommended Findings of Fact, Conclusions of Law, and Proposed Disposition."

---

1. Under the authority of article VIII, sections 3 and 8 of the *West Virginia Constitution* and Rule [4.12] of the [*West Virginia Rules of Judicial Disciplinary Procedure*], the Supreme Court of Appeals of West Virginia may suspend a judge, who has been indicted for or convicted of serious crimes, without pay, pending the final disposition of the criminal charges against the particular judge or until the underlying disciplinary proceeding before the Judicial Investigation Commission has been completed.

Syllabus, *In the Matter of Grubb*, 187 W.Va. 228, 417 S.E.2d 919 (1992).

The Board recommended (1) that Ms. Riffle be censured;[2] (2) that she be suspended for 1 year without pay;[3] and (3) that she be fined $5,000.00.

Ms. Riffle disputes the Board's findings and recommended disposition. Ms. Riffle argues (1) that suspension is unnecessary because she is no longer a magistrate and that she was suspended without pay during the pendency of her criminal charges; (2) that she is innocent, so sanctions are unwarranted; (3) that because she is indigent, the $5,000.00 fine is excessive; and (4) that she has been adequately punished by her criminal sentence.[4]

## II.

Under the *West Virginia Constitution,* the Supreme Court of Appeals of West Virginia has the authority to censure or temporarily suspend a magistrate. *W.Va. Const.,* Article VIII, § 8.

■ The *West Virginia Rules of Judicial Disciplinary Procedure* Rule 4.12 establishes the sanctions that the Judicial Hearing Board may recommend and that this Court may impose. Possible sanctions include: (1) admonishment; (2) reprimand; (3) censure; (4) suspension without pay for up to 1 year; (5) a fine of up to $5,000.00; and (6) involuntary retirement in limited circumstances. Additionally, this Court can assess the cost of the disciplinary proceedings against a judge.[5]

---

**2.** A censure constitutes a formal condemnation of a judge who has engaged in conduct that violates the *Code of Judicial Conduct. See Rules of Judicial Disciplinary Procedure,* Rule 4.12.

**3.** Ms. Riffle was suspended by this Court from her job as a magistrate on April 15, 1999. Ms. Riffle's suspension was never lifted and she received no pay through the end of her term as magistrate. Her term as magistrate expired December 31, 2000, and Ms. Riffle did not stand for reelection.

**4.** Ms. Riffle received a prison sentence of over 4 years. The sentences were suspended and Ms. Riffle was placed on probation for 5 years. Ms. Riffle did, however, spend 58 days in the custody of the Division of Corrections for evaluation. She was also required to pay court costs.

**5.** Magistrates are "judges" within the meaning of the *Code of Judicial Conduct* and are subject to its Canons. Canon 6, *Code of Judicial Conduct* (1995).

"The purpose of judicial disciplinary proceedings is the preservation and enhancement of public confidence in the honor, integrity, dignity, and efficiency of the members of the judiciary and the system of justice." Syllabus, *In the Matter of Gorby,* 176 W.Va. 16, 339 S.E.2d 702 (1985).

■ When reviewing the findings and recommendations of the Board, this Court has plenary authority. "The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings." Syllabus Point 1, *West Virginia Judicial Inquiry Commission v. Dostert,* 165 W.Va. 233, 271 S.E.2d 427 (1980). Subsumed "within this independent evaluation is the right to accept or reject the disciplinary sanction recommended by the Board." *Matter of Crislip,* 182 W.Va. 637, 638, 391 S.E.2d 84, 85 (1990).

Charges against a judge must be proven by clear and convincing evidence. *Rules of Judicial Disciplinary Procedure,* Rule 4.5. *See* Syllabus Point 4, *In re Pauley,* 173 W.Va. 228, 314 S.E.2d 391 (1983).

■ Applying the foregoing standards, we now review the charges against Ms. Riffle and the Board's recommended sanctions. Ms. Riffle was charged with violating Canons 1, 2A, 3A and 3B(2) of the *Code of Judicial Conduct.*[6]

---

**6.** CANON 1. A judge shall uphold the integrity and independence of the judiciary.

A. An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code are to be construed and applied to further that objective.

CANON 2. A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities.

A. A judge shall respect and comply with the law, shall avoid impropriety and the appearance of impropriety in all of the judge's activities, and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

. . .

Our independent review of the record shows that Ms. Riffle clearly violated [7] Canons 1, 2, 3A, and 3B(2) when she made false statements and filed untrue reports with the Department of Public Safety, and when she fraudulently attempted to collect workers' compensation benefits. The commentary to Canon 2 notes that "[p]ublic confidence in the judiciary is eroded by irresponsible or improper conduct by judges." Ms. Riffle did not avoid impropriety in her actions.

Because of the severity of the offenses for which Ms. Riffle was convicted and the likely effect that her misconduct, while serving as a judicial officer, would have on the public's confidence in our judiciary, we agree with the Board that public censure of Magistrate Riffle is appropriate. We further agree that suspension for 1 year is warranted. However, we disagree with the Board's recommendation of imposing a $5,000.00 fine. Ms. Riffle was, in fact, suspended for nearly 2 years without pay, and she was further punished for her acts in the criminal proceeding. We see no purpose for the additional penalty and decline to impose the recommended fine. Ms. Riffle was adequately disciplined by the loss of her income and by her criminal punishments, making the imposition of additional sanctions unnecessary in this case.[8]

### III.

Accordingly, this Court orders that former Magistrate Bonnie L. Riffle be publicly censured, and that she be suspended from her position as magistrate for 1 year without pay.

CANON 3. A judge shall perform the duties of judicial office impartially and diligently.
    A. Judicial Duties in General. The judicial duties of a judge take precedence over all the judge's other activities. The judge's judicial duties include all the duties of the judge's office prescribed by law.....
    B. Adjudicative Responsibilities....
    (2) A judge shall be faithful to the law and maintain professional competence in it....

7. Ms. Riffle's criminal convictions establish that her unlawful conduct was proven beyond a reasonable doubt. The "beyond a reasonable doubt" standard exceeds the "clear and convincing standard" applied in judicial misconduct proceedings.

Public Censure and One Year Suspension Without Pay.

8. As one Judicial Hearing Board member stated in a dissent to the Board's recommended disposition: "This lady has been punished enough. There is no earthly reason to suspend a person from their position as magistrate for a year without pay when Ms. Riffle is not serving in that position. There is no reason to fine an indigent person $5000.00. I respectfully submit that the Circuit Judge of Morgan County who had the benefit of a presentence investigation and the testing done by the Division of Corrections imposed the appropriate punishment of Ms. Riffle." The same Board member further noted that sometimes "a little mercy should be mixed with blind justice."