## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In the Matter of:  Carrie E. Wilfong**
**Magistrate of Pocahontas County**

**No. 19-0170**

**FILED**

**June 3, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

On February 25, 2019, Judicial Disciplinary Counsel ("JDC") filed a Motion to Suspend Without Pay Respondent Carrie E. Wilfong, a Magistrate of Pocahontas County, West Virginia. By our order of February 26, 2019, Magistrate Wilfong was suspended without pay pursuant to Rule 2.14(d)(2) of the West Virginia Rules of Judicial Disciplinary Procedure following a finding of probable cause that she engaged in a serious violation of the West Virginia Code of Judicial Conduct. On March 13, 2019, Magistrate Wilfong requested a hearing, and the matter was heard by this Court on May 15, 2019.

This Court has before it the memorandum report of JDC with exhibits and Magistrate's Wilfong's response. Following the arguments of the parties, this Court finds that the West Virginia Rules of Judicial Conduct support Magistrate Wilfong's temporary suspension without pay.[1]  Upon review of the memorandum report of JDC, Magistrate Wilfong's response and the arguments of the parties, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This Court has the power to suspend a magistrate without pay based upon an allegation that he or she has acted in violation of the Code of Judicial Conduct. *See In re Fouty*, 229 W. Va. 256, 728 S.E.2d 140 (2012) (stating Court has authority to suspend magistrate judge with or without pay until underlying disciplinary proceeding has been completed). Rule 2.14(d)(2) of the Rules of Judicial Disciplinary Procedure provides that:

> If the Court finds probable cause pursuant to Rule 2.14(c) to believe that a judge has engaged or is currently engaging in a serious violation of the Code of Judicial Conduct or has become unable or unwilling to perform official duties, the Court may direct that the judge not hear any further civil or criminal matters or perform other judicial functions while the matter is pending, with or without pay.

---

[1] JDC is represented by counsel Teresa A. Tarr. Magistrate Wilfong is represented by counsel Tim C. Carrico and Robert P. Martin.

1

Consistent with Rule 2.14(d)(2), we have recognized that "[w]hen the integrity of the judiciary is placed into question by the action or conduct of any judge, this Court is authorized to impose an interim suspension pending the disposition of the charges against the judge or until the underlying judicial disciplinary proceeding is completed." *In re Grubb,* 187 W. Va. 228, 231, 417 S.E.2d 919, 922 (1992).

## I. Prior Proceeding

In 2018, this Court suspended Magistrate Wilfong without pay in Case No. 18-0891 following allegations that Magistrate Wilfong missed an excessive amount of work and had been intoxicated both at a 2015 magistrates' conference and while on the bench. The Judicial Hearing Board ("Board") found that: Magistrate Wilfong admitted she has suffered from addiction to drugs legally prescribed to her over a period of approximately fifteen years and this prescription drug addiction had negatively impacted the performance of her judicial duties; she had averred that she successfully discontinued the use of the prescribed drugs to which she had become addicted with the assistance of medical professionals; and she agreed the Lawyer Assistance Program ("WVJLAP") was necessary to help her maintain compliance with a program developed to prevent a recurrence of her prescription drug addiction that may negatively impact the performance of her judicial duties.

As part of the January 2018 WVJLAP monitoring agreement, Magistrate Wilfong agreed to "*[r]emain abstinent from all alcohol, drugs, and other mind or mood-altering substances*, except those prescription medications, which approved evaluators or treatment providers shall deem appropriate for a sitting member of the Judiciary." (Emphasis added).

In June 2018, WVJLAP suspended Magistrate Wilfong's monitoring agreement due to noncompliance following drug tests showing significant increases in hydrocodone and benzodiazepines. She submitted to a residential evaluation at the Farley Center in July 2018 where it was determined that Magistrate Wilfong had a mild alcohol use disorder, moderate opioid use disorder and severe sedative/hypnotic/anxiolytic use disorder. Magistrate Wilfong was reinstated to the WVJLAP program in November 2018. The original monitoring agreement was then revised and Magistrate Wilfong agreed "to abide by all terms and conditions of [the] original Monitoring Agrement [with amendments not applicable here.]"

The November 20, 2018 order of the Board provided, in part:

> Both parties understand, acknowledge and agree that should [Magistrate Wilfong] at any time fail to abide by any of the terms of the WVJLAP supervision including, but not limited to, any failed drug tests or refusal to follow directions, that the Judicial Investigation Commission will immediately begin the process to remove her from office via Rule 2.7 of the Rules of Judicial Disciplinary Procedure.

This Court adopted the Board's recommendation, and on January 10, 2019, we ordered that:

(1) [Magistrate Wilfong] shall be, and she hereby is, REPRIMANDED for her violations of Rules 1.2, 2.5, 2.16, and 3.1 of the Code of Judicial Conduct;

(2) [Magistrate Wilfong] shall be, and she hereby is, immediately reinstated to her position of Magistrate of Pocahontas County;

(3) [Magistrate Wilfong] shall comply with and abide by all recommendations and terms and conditions of the recommended disposition set forth in the Judicial Hearing Board's November 20, 2018 order; and

(4) Should [Magistrate Wilfong] at any time fail to comply with or abide by any of the terms of this order or the November 20, 2018 Judicial Hearing Board order, the Judicial Investigation Commission shall immediately begin the process to remove her from office under Rule 2.7 of the Rules of Judicial Disciplinary Procedure.

## II.  Current Complaint

On February 13, 2019, JDC filed a complaint against Magistrate Wilfong and alleged she was again engaged in serious violations of the Code and/or had become unable to perform her official duties. First, JDC alleged that since her reinstatement, Magistrate Wilfong was routinely coming into work late by thirty minutes to an hour. And second, JDC submitted evidence that Magistrate Wilfong was not complying with the terms of her WVJLAP monitoring agreement because urine and blood tests revealed that she consumed such a large amount of alcohol between January 10 and 14, 2019, that the JDC characterized it as "binge drinking."

In her response, Magistrate Wilfong denies the allegation of alcohol consumption. She argues the blood and urine tests showing she had metabolites in her system consistent with excessive alcohol consumption are scientifically unreliable. Magistrate Wilfong notes the consumption of normal food products, such as sauerkraut, balsamic vinegar, and certain alcohol-based products such as Nyquil, can trigger positive results.

Based on the evidence presented, we are satisfied that probable cause currently exists to believe that Magistrate Wilfong has failed to comply with the terms and conditions set forth in the Board's November 20, 2018 order that was adopted by this Court's January 10, 2019 order. We decline to proceed further into a consideration of the merits of the underlying complaint in view of the pending investigation below. The Board has not yet heard the current allegations. We encourage the parties to proceed below without unnecessary delay.

This Court has long ascribed to the belief that "[t]he purpose of judicial disciplinary proceedings is the preservation and enhancement of public confidence in the honor, integrity, dignity, and efficiency of the members of the judiciary and the system of justice." Syl., *In re Gorby,* 176 W. Va. 16, 339 S.E.2d 702 (1985). Consistent with our duty to the integrity of this State's judicial system, suspension without pay is warranted until the underlying judicial disciplinary proceeding is completed because "the charges of misconduct are directly related to the administration of justice or the public's perception of the administration of justice." Syl. Pt. 3, in part, *In re Cruickshanks*, 220 W. Va. 513, 648 S.E.2d 19 (2007).

WVJLAP was initiated to provide immediate and continuing assistance to lawyers, judges, and law students who suffer from the diseases of alcoholism and drug addiction, as well as mental health disorders. Compliance with the monitoring agreements established under this program is a critical component to the successful completion of the program and the recovery. This Court has recognized that addiction is a disease that must be treated through health interventions and that relapse is understood to be a somewhat common feature of alcoholism and drug addiction. This Court believes in the potential for recovery and with such recovery can come the restoration of professional rights and privileges.[2] Thus, Magistrate Wilfong may benefit from continued drug and alcohol addiction treatment including in-patient rehabilitation if the evidence yet to be developed shows she has relapsed.

In light of the foregoing, we decline to alter our order of February 26, 2019. Should Magistrate Wilfong be exonerated by the pending disciplinary investigation, she may return to this Court to seek backpay. *In re Grubb,* 187 W. Va. at 234, 417 S.E.2d at 925.

Reconsideration denied.

**ISSUED:** June 3, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[2] *See e.g., In re Reinstatement of DiTrapano*, 240 W. Va. 612, 814 S.E.2d 275 (2018).